THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN EASLEY
        Plaintiff,                                  Case No. 07-13633
vs.
                                          HONORABLE BERNARD A. FRIEDMAN
                                          HONORABLE STEVEN D. PEPE

STATE OF MICHIGAN,
        Defendant.
_____/

## REPORT AND RECOMMENDATION

This case is a pro se prisoner civil rights action brought under 42 U.S.C. § 1983. Plaintiff alleges that he has been the subject of "hate crimes" and that he has been "persecuted by all city police and state judges." (Dkt. #1, p. 2). Plaintiff's complaint filed against "The State of Michigan" alleges that he should not have been convicted in Circuit Court of the felony Resisting and Obstructing Charge because it would not have existed but for the misdemeanor of Domestic Violence nor should his sentence have been enhanced as an habitual offender.

"[T]he threshold question in every federal case," is whether the court has the power to entertain the suit. *Warth v. Seldin,* 422 U.S. 490, 498 (1975). A federal court must dismiss a complaint where it lacks subject matter jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682-83 (1946); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1182 (7th Cir. 1989). If the court does not have such jurisdiction, the inquiry is at an end. *See* Fed. R. Civ. P. 12(b)(1),(h)(3); *see also Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978). The undersigned is mindful that plaintiff filed his complaint acting *pro se*. While such complaints

1

are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), claims that are "wholly insubstantial" and "obviously frivolous" are not cognizable and do not provide a court with subject matter jurisdiction, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974). If the issue of lack of jurisdiction is raised by the Court *sua sponte* under Fed. R. Civ. P. 12(h)(3), the plaintiff should be given notice and an opportunity to respond before the court orders dismissal. *Ricketts*, 874 F.2d at 1182 n.7 & 1183.

The *Rooker-Feldman* doctrine divests all federal district courts of subject matter jurisdiction to review state court judgments. *See generally Rooker v. Fid. Trust Co.,* 263 U.S. 413, (1923); *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Peterson Novelties, Inc. v. City of Berkley,* 305 F.3d 386, 390 (6th Cir.2002). The doctrine prevents district courts from hearing challenges to state court decisions, "even if those challenges allege that the state court's action was unconstitutional." *Feldman,* 460 U.S. at 486.

Under the Rooker-Feldman doctrine, only the United States Supreme Court has jurisdiction to review a state court decision. In *Rooker*, the Supreme Court, in reviewing an attempt to seek relief from a state-court judgment, stated that "no court of the United States other than this court could entertain a proceeding to reverse or modify the [state court] judgment." 263 U.S. at 416. In *Feldman*, the Supreme Court further reaffirmed that "the United States District Court is without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings." 460 U.S. at 476. The doctrine prevents both a direct attack of the substance of a state court decision and a challenge to the procedures used by the state court in arriving at its decision. *Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 493 (6th Cir. 2001).

The source of Plaintiff's grievances stem from the laws of the State of Michigan; accordingly, he may seek redress from the state court. A review of the Michigan Court of Appeals' Internet website indicates that Plaintiff filed a direct appeal which remains pending.[1] *See* http://courtofappeals.mijud.net/resources; *People v. Easley*, No. 278832 (Mich. Ct. App.). Plaintiff's state court conviction is appropriately being appealed to the Michigan Court of Appeals. This Court does not have jurisdiction to review a state court decision when the Plaintiff's case is still pending in state court. *Younger v. Harris*, 401 U.S. 37 (1971).

On May 21, 2008, the Court ordered Plaintiff to show cause as to why this case should not be dismissed for lack of federal jurisdiction (Dkt. #14). Plaintiff filed a timely response on June 23, 2008 (Dkt. #19). While his response addressed the substantive matters of his complaint, e.g. the false imprisonment and intentional infliction of emotional distress, he failed to address the jurisdictional concerns as detailed in the order to show cause. Plaintiff properly sought redress for his state court conviction in the state court; he cannot, however, also seek redress in federal court because this court lacks jurisdiction to review a state-court judgment. Accordingly, this case should be dismissed for lack of federal jurisdiction.

III. RECOMMENDATION

For the reasons stated above, IT IS RECOMMENDED that Plaintiff John Easley's

---

[1]This Court is permitted to take judicial notice of public records available from reliable sources on the Internet. *See, e.g., United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) (citing *Grimes v. Navigant Consulting, Inc.*, 185 F. Supp. 2d. 906, 913 (N.D. Ill. 2002) and *Cali v. E. Coast Aviation Servs. Ltd.*, 178 F. Supp. 2d 276, 287 (E.D.N.Y. 2001)).

complaint be DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

Any objections to this Report and Recommendation must be filed within ten (10) days of its service. 28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2). Failure to file objections within the specified time constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

SO ORDERED
Date: July 21, 2008　　　　　　　　　　　　　　s/Steven D. Pepe
Ann Arbor, Michigan　　　　　　　　　　　　　United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Report and Recommendation* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 22, 2008.

　　　　　　　　　　　　　　　　　　　　　　s/ Alissa Greer
　　　　　　　　　　　　　　　　　　　　　　Case Manager to Magistrate
　　　　　　　　　　　　　　　　　　　　　　Judge Steven D. Pepe
　　　　　　　　　　　　　　　　　　　　　　(734) 741-2298